1

2

3                                                          O

4                                              JS - 3

5

6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )  Case No. CR 11-01197  DDP
                                    )
12              Plaintiff,          )
                                    )  **ORDER GRANTING DEFENDANT'S MOTION**
13        v.                        )  **TO DISMISS INDICTMENT**
                                    )
14                                  )
    JOSE JESUS PACHECO BANDA,       )
15                                  )
                Defendant.          )
16                                  )  [Dkt. No. 26]
    _____  )
17

18        Presently before the court is defendant Jose Jesus Pacheco-

19  Banda's Motion to Dismiss Indictment.  Having considered the

20  submissions of the parties and heard oral argument, the court

21  grants the motion and adopts the following order.

22  **I.    Background**

23        In 2003, Defendants was charged with one count of possession

24  for sale of a controlled substance, namely, methamphetamine, in

25  violation of California Health and Safety Code Section 11378, one

26  count of unlawful possession of cocaine base for purpose of sale,

27

28  <mark>cc: all the parties on a J&C</mark>

1  in violation of Health and Safety Code Section 11351.5, and one

2  count of possession of marijuana for sale, in violation of Health

3  and Safety Code Section 11359.  (Chargig Complaint, Mot. Ex. O).

4  After initially pleading not guilty, Defendant withdrew his plea

5  and, according to the minute order of the change of plea hearing,

6  pled nolo contedere (no contest) to "a violation of Section 11378

7  H&S in Count 01." (Minute Order, Mot. Ex. Q.)  The minute order

8  further stated that Defendant made his plea pursuant to <u>People v.

9  West.</u> (<u>Id.</u>)  According to the abstract of judgment, Defendant was

10  convicted of one count of "Poss Cont Substance for Sale" in

11  violation of "HS 11378." (Abstract of Judgment, Mot. Ex. P.)

12  Neither the minute order nor the abstract of judgment make any

13  reference to a particular controlled substance.  At the plea

14  colloquy, the following exchange took place:

15      The Court:          September 16 in possession of a
                            controlled substance, methamphetamine
16                          or - - that's possession for sale?

17      [The Government]:   Sale.

18      The Court:          Which count do you want?

19      [Defense Counsel]:  One.

20      The Court:          Possession [for] sale of
                            methamphetamine, in violation of
21                          section 11378 of the health and
                            safety code, a felony.
22
        Defendant:          No contest.
23
        The Court:          You understand no contest is the same
24                          thing as a guilty plea?

25      Defendant:          Yes.

26      The Court:          Counsel, is there a factual basis?
                            And do you join in the waivers and
27                          concur in the plea?

28      [Defense Counsel]:  Pursuant to <u>West</u>, yes.

2

(Colloquy, Mot. Ex. R at 3-4).

In March 2004, United States Immigration and Customs Enforcement ("ICE") filed a Notice of Intent to Issue a Final Administrative Removal Order, alleging that Defendant was a Mexican national who entered the United States without inspection, was not lawfully admitted for permanent residence, and had been convicted in September 2003 of "Possession of Methamphetamine for Sale in violation of Section 11378 of the California Health and Safety Code." (Mot. Ex. C). The Notice of Intent charged Defendant as deportable an aggravated felon under 8 U.S.C. [§] 1101(a)(43)(B). (Id.) The Notice of Intent, which also stated that Defendant could rebut the charges, request withholding or deferral of removal, or seek review in the United States Court of Appeals. (Id.) Defendant acknowledged receipt of the Notice and signed an area of the form indicating that he waived his rights to rebut the charges and apply for judicial review. (Id.) Defendant was found deportable as charged and removed. (Mot. Exs. D, E.)

ICE encountered Defendant in California again in 2005. ICE issued another Notice of Intent to Issue a Final Administrative Removal Order, substantially identical to the 2004 Notice of Intent. (Mot. Ex. G.) Defendant again signed the waiver form, was again found deportable as an aggravated felon, and was removed. (Mot. Exs. H-I.)

In 2006, Defendant again ended up in ICE custody. This time, ICE issued a Notice of Intent/Decision to Reinstate Prior Order. (Mot. Ex. J). The 2006 Notice alleged that Defendant had been removed in 2005 and was subject to (re)removal by reinstatement of

3

1  the 2005 order.  (Id.)  The 2006 Notice informed Defendant that he
2  could contest the determination, but had no right to a hearing
3  before an immigration judge.  (Id.)  Defendant again waived his
4  right to contest the determination, and was removed.  (Id.; Mot.
5  Ex. K.)

6      Defendant ran afoul of ICE again in 2007.  ICE again issued a
7  Notice of Intent/Decision to Reinstate Prior Order based on the
8  2005 order.  This 2007 Notice was virtually identical to the 2006
9  Notice.  Defendant again signed a form waiving his rights, and was
10 removed.  (Mot. Exs. M, N.)

11     In 2011, Defendant was charged in this court with illegal
12 reentry into the United States after official deportation and
13 removal, in violation of 18 U.S.C. §§ 1326(a), (b)(1), and (b)(2).
14 (Dkt. No. 11.)  Defendant now moves to dismiss the indictment on
15 the ground that all four removal orders entered against him from
16 2004 to 2007 were invalid.

17 **II.  Legal Standard**

18     "A defendant charged with illegal reentry under 8 U.S.C. §
19 1326 has Fifth Amendment right to collaterally attack his removal
20 order because the removal order serves as a predicate element of
21 his conviction." United States v. Ubaldo-Figueroa, 364 F.3d 1042,
22 1048 (9th Cir. 2004).  To succeed, a defendant must demonstrate
23 that 1) he exhausted all administrative remedies, 2) the underlying
24 removal proceedings improperly deprived him of the opportunity for
25 judicial review, and 3) the entry of the removal order was
26 fundamentally unfair.  (Id.)  Entry of an order is fundamentally
27 unfair if it violated an alien's due process rights and the alien
28

4

suffered prejudice as a result.  <u>United States v. Reyes-Bonilla</u>, 671 F.3d 1036, 1043 (9th Cir. 2012).

**III. Discussion**

    A.   Whether Defendant Was Convicted of An Aggravated Felony

    Under 8 U.S.C. § 1227(a)(2)(A)(iii), any alien who is convicted of an aggravated felony is deportable.  The 2004 and 2005 removals were based on the fact, now disputed, that Defendant had been convicted of an "aggravated felony."  The definition of "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of title 21) . . . ."  8 U.S.C. § 1101(a)(43)(B).

    The parties appear to agree that a violation of California Health and Safety Code Section 11378 is not categorically, or by definition, an "aggravated felony" under federal law.  <u>See Estrada-Espinoza v. Mukasey</u>, 546 F.3d 1147, 1157-58 (9th Cir. 2008) (en banc).  The question, therefore, under the modified categorical approach, is whether Defendant's conviction rested upon facts that qualify the offense as an "aggravated felony" under the generic, federal definition.  <u>See United States v. Aguila-Montes de Oca</u>, 655 F. 3d 915, 924 (9th Cir. 2011) (en banc) (per curiam).  In conducting this analysis, the court may not look to particular facts underlying the conviction, but rather must limit its inquiry to the record of conviction, including the charging document, plea agreement and colloquy (if any), and other reliable judicial documents, such as minute orders.  <u>United States v. Leal-Vega</u>, 680 F.3d 1160, 1168 (9th Cir. 2012).

    Here, the court must determine whether the record of conviction establishes that Defendant was convicted of possession

1  of methamphetamine for sale.  <u>See</u> 21 U.S.C. § 812.  Only two

2  documents in the record of conviction refer specifically to

3  methamphetamine.  The criminal complaint specifically identifies

4  methamphetamine as the controlled substance at issue.  A charging

5  paper alone, however, cannot establish an element of conviction.

6  <u>United States v. Wenner</u>, 351 F.3d 969, 974 (9th Cir. 2003).  The

7  court must therefore look to the facts as established by the plea

8  colloquy.

9      At the plea hearing, defense counsel informed the court that

10 Defendant wished to plead under count one of the indictment.  The

11 court described count one as "Possession for sale of

12 methamphetamine."  Defendant then pleaded no contest.  When the

13 court asked counsel to confirm whether there was a factual basis

14 for the plea, counsel responded, "Pursuant to <u>West</u>, yes."

15     Counsel's reference to <u>People v. West</u>, 3 Cal. 3d 595 (1970),

16 is critical.  The government argues that a <u>West</u> plea requires a

17 factual basis, and, because defense counsel did not identify any

18 facts other than those charged, Defendant must have pleaded to

19 possession for sale of methamphetamine.  (Opp. at 11.)  The

20 government further argues that because the court mentioned

21 methamphetamine before counsel stated, "Yes, pursuant to <u>West</u>,"

22 Defendant was pleading specifically to possession for sale of

23 methamphetamine.  (Opp. at 12.)

24     Defendants arguments are not consistent with <u>West</u> itself, and

25 appear to contradict intervening Ninth Circuit authority.  As the

26 Ninth Circuit has explained, a <u>West</u> plea is a plea of nolo

27 contendere that does not admit a factual basis of guilt.  <u>United</u>

28 <u>States v. Vidal</u>, 504 F.3d 1072, 1089 (9th Cir. 2007).  A <u>West</u> plea

alone, therefore, does not establish a factual predicate to support
a determination that a state conviction qualifies as a generic,
federal offense.  Id.; Fregozo v. Holder, 576 F.3d 1030, 1040 (9th
Cir. 2009) (citing Vidal, 504 F.3d at 1089).  Here, though the
court of conviction did itself specify that methamphetamine was the
controlled substance in question, Defendant never admitted to any
facts regarding methamphetamine, and instead chose to enter a West
no contest plea.  Absent any specific admission of fact in the plea
colloquy or reference to methamphetamine elsewhere in the record of
conviction beyond the charging document, there is no factual basis
to support the conclusion that Defendant was convicted of
possession for sale of methamphetamine.

Lacking a sufficient basis to conclude that Defendant had been
convicted of an aggravated felony, ICE could not have properly
removed Defendant as an aggravated felon in 2004 or 2005.  Those
improper removals therefore violated Defendant's due process rights
and deprived him of the opportunity for judicial review.  Because
the 2006 and 2007 removals were themselves based on the improper
2005 removal, they too cannot serve as a predicate element of the
charged 8 U.S.C. § 1326 offense.

B.   Prejudice

The government argues that Defendant was not prejudiced by the
improper removals because, even if he was not removable as an
aggravated felon, he was removable on other grounds and was
ineligible for discretionary relief.  (Opp. at 15-16.)  However
regardless whether Defendant could have been removed on other
grounds, he was removed solely on the basis of his supposed
aggravated felony.  In United States v. Camacho-Lopez, an alien,

7

1    like Defendant here, was charged as removable only for having

2    committed an aggravated felony.  United States v. Camacho-Lopez,

3    450 F.3d 928, 930 (9th Cir. 2006).  After finding that Camacho-

4    Lopez, contrary to his Notice and Appear and removal order, had not

5    been convicted of an aggravated felony, the Ninth Circuit held that

6    because Camacho-Lopez was improperly removed as an aggravated

7    felon, he "clearly suffered prejudice."  Id.

8        The government argues that Camacho-Lopez is distinguishable

9    because in that case, the defendant was convicted of a crime which

10   was not an aggravated felony.  (Opp. at 17 n.8.)  The government

11   appears to suggest that because the issue here is a question of

12   fact, Camacho-Lopez does not control and Defendant here has not

13   suffered prejudice.  The court is not persuaded.  Defendant here,

14   like the defendant in Camacho-Lopez, was removed on a ground not

15   supported by the record of conviction.  Having been improperly

16   removed, Defendant here did suffer prejudice.[1]

17       C.   Exhaustion

18       A defendant may not attack his underlying removal order if he

19   validly waived his right to appeal that order.  Ubaldo-Figueroa,

20   364 F.3d at 1042.  It is the government's burden, however, to show

21   that a defendant made a considered and intelligent waiver.  Reyes-

22   Bonilla, 671 F.3d at 1043.  When the government shows official

23

24

---

25       [1] Defendant further argues that, even if barred from seeking
     discretionary relief from removal, he could have sought voluntary
26   departure.  Had he departed voluntarily, Defendant could not have
     subsequently been charged with illegal reentry after removal in
27   violation of 8 U.S.C. § 1326 (barring an intervening removal)
     because he never would have been removed in the first place.
28   United States v. Ortiz-Lopez, 385 F.3d 1202, 1204 n.1 (9th Cir.
     2004).

1 records that show a valid waiver of rights, the burden shifts to

2 the defendant to prove that the waiver was invalid.  <u>Id</u>.

3      Here, the government argues that Defendant was advised of his

4 rights in a language that he could understand, and knowingly and

5 intelligently waived his right to appeal by signing the Notice of

6 Intent form.  (Opp. at 4-5).  Defendant argues that the Notice of

7 Intent form alone is insufficient to show a <u>valid</u> waiver because it

8 does not prove that Defendant understood his rights.  In <u>Reyes-

9 Bonilla</u>, the Ninth Circuit found a signed Notice of Intent

10 insufficient to show that the alien, who did not read English and

11 was not advised of his rights in Spanish, understood his rights and

12 validly waived them.  (<u>Id.</u> at 1044-45.)

13      Defendant acknowledges signing "some papers" when he was

14 deported, but states that he did not read the papers.  (Declaration

15 of Jose Pacheco-Banda ¶ 2.)  Furthermore, Defendant states that

16 nobody read the Notice of Intent to him, or explained any of the

17 advisories contained therein, and that he did not know he could

18 challenge his removal.  (Pacheco-Banda Dec. ¶¶ 2,3.)

19      Defendant has also submitted evidence that he suffers from a

20 cognitive deficit.  He has sustained multiple serious head

21 injuries, was in a coma for approximately one month, and does not

22 understand "big, long words."  (<u>Id.</u> ¶ 4.)  Defendant's contentions

23 regarding his mental capacity appear to be congruent with a Bureau

24 of Prisons evaluation, which found "some degree" of cognitive

25 impairment and "[e]xtremely [l]ow" verbal comprehension.  (Reply,

26 Ex. S at 15.)  In finding Defendant competent to stand trial, the

27 evaluator suggested that legal concepts be explained to Defendant

28

1  slowly, in a concrete manner, and, if necessary, repeatedly.  (<u>Id.</u>

2  at 21.)

3      In light of this evidence, Defendant's signature on the Notice

4  of Intent form is insufficient to establish that he made an

5  intelligent and considered waiver of his right to appeal his

6  removal.  Defendant received no explanation of his rights

7  whatsoever, let alone the type of slow, concrete, repeated

8  explanation that would have been necessary to allow him to

9  understand the concepts presented.

10     Furthermore, even if Defendant did receive and was able to

11  understand an explanation of his rights, that explanation was

12  premised upon the assumption that Defendant was an aggravated

13  felon.  As described above, the record of conviction here is

14  insufficient to establish that Defendant was convicted of an

15  aggravated felony.  Any potential explanation Defendant received

16  was, therefore, in all likelihood wrong.  Having been misinformed

17  about his rights, Defendant could not have knowingly and

18  intelligently waived them.  Absent a valid waiver, Defendant need

19  not have exhausted administrative remedies, and his collateral

20  attack on the underlying removal is properly brought.

21  **IV.  Conclusion**

22     For the reasons stated above, Defendant's Motion to Dismiss

23  Indictment is GRANTED.  The Court vacates the court and/or jury

24  trial date.  The Court notes there is the possibility of an ICE

25  hold on this defendant.

26  IT IS SO ORDERED.

27  Dated: August 31, 2012

28
                                    DEAN D. PREGERSON
                                    United States District Judge